## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| George Miller and Patricia Hull, n/k/a Miller, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.   1:19-cv-1353 |
| Tate & Kirlin Associates, Inc., a Pennsylvania corporation, CACH, LLC, a Colorado limited liability company, and Resurgent Capital Services, L.P. a Delaware limited partnership, | ) ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

### COMPLAINT – CLASS ACTION

Plaintiffs, George Miller and Patricia Hull, n/k/a Miller, individually and on behalf of all others similarly situated, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letters violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and allege:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiffs reside here; and, c) Defendants transact business here.

### PARTIES

3. Plaintiffs, George Miller and Patricia Hull, n/k/a Miller (the "Millers"), are

citizens of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a defaulted consumer debt, which was allegedly owed originally to Springleaf Financial Services ("Springleaf").

4. Defendant, Tate & Kirlin Associates, Inc. ("T&K"), is a Pennsylvania corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Defendant T&K operates a nationwide defaulted debt collection business and attempts to collect defaulted debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant T&K was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant, CACH, LLC ("CACH"), is a Colorado limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. Defendant CACH operates a nationwide defaulted debt collection business and attempts to collect defaulted debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant CACH was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Resurgent operates a nationwide defaulted debt collection business and attempts to collect defaulted debts from

consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt Defendants attempted to collect from Plaintiffs.

7. Defendant CACH is a bad debt buyer that obtains/buys large portfolios of defaulted consumer debts for pennies on the dollar. CACH has no employees and acts through its sister company, Defendant Resurgent, which hires and directs the collection of other collection agencies and directs and controls CACH.

8. Defendant CACH's principal, if not sole, business purpose is the collection of defaulted consumer debt originated by others.

9. Defendants are authorized to conduct business in Indiana, and maintain registered agents here, see, records from the Indiana Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct business in Indiana.

10. Defendants are licensed as debt collection agency in the State of Indiana, see, records from NMLS Consumer Access, attached as Group Exhibit B. In fact, Defendants act as collection agencies in Indiana.

**FACTUAL ALLEGATIONS**

11. Mr. and Mrs. Miller fell behind on paying their bills, including a debt they allegedly owed for a Springleaf account. Defendant T&K sent Mr. and Mrs. Miller initial collection letters, dated December 5, 2018 and December 6, 2018, demanding payment of this debt. These collection letters stated that the "Original Creditor" was "SPRINGLEAF FINANCIAL SERV", but also stated that the "Creditor" was "CACH, LLC" and further stated that the "Previous Creditor" was "SPRINGLEAF FINANCE INC." The

December 5, 2018 letter then stated that "Our client has authorized us…".  A copy of Defendants' letters are attached as Group Exhibit C.

12.     Defendants' letters failed to explain what, if any, the difference was between the "original creditor", the "creditor" and "previous creditor", and who had placed the account for collection.  Plaintiffs are informed through counsel that Defendant CACH likely bought the debt at issue after default, and that Defendant T&K was representing only CACH.  Thus, Defendants' letter failed to state effectively the name of the creditor to whom the debt is owed.

13.     Moreover, the second page of Defendants' December 5, 2018 letter contains a "PRIVACY NOTICE" and introduces eleven new entities, in addition to CACH and Resurgent, which it explains may collect personal information, see, attached Group Exhibit C at p. 3.  This notice further confused the identity of the creditor to whom the debt was owed and on whose behalf Defendants were attempting to collect the debt.

14.     A simple statement that T&K represented CACH or that CACH had bought the debt would have helped to identify effectively the name of creditor to whom the debt was then owed.

15.     Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012).  Moreover, the identification of the creditor to whom a debt is owed is such a factor because, amongst other things, it is a factor for a consumer in determining whether an attempt to collect a debt is fraudulent, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3rd 317, 324-325 (7th Cir. 2016).

4

16. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

17. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## Violation Of § 1692g(a)(2)
## Failure To Identify Effectively The Current Creditor

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide the Millers with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

20. Defendants' form collection letter -- by identifying "Springleaf Financial Serv" as the "original creditor", CACH as the "creditor" and "Springleaf Finance Inc." as the "previous creditor", then stating "Our client has authorized us…", without stating who "our client" was, and listing multiple other entities on the second page who were apparently in a position to collect information about Plaintiff -- failed to identify effectively the current creditor to whom the debt was owed, in violation of § 1692g(a)(2) of the FDCPA, see, Janetos, 825 F.3rd at 321-23; see also, Taylor v. Alltran Financial, 2018 U.S.Dist.LEXIS 159862 at [*6]-[*10](S.D.Ind. 2018); Long v. Fenton & McGarvey Law Firm, 223 F. Supp. 3d 773, 778-79 (S.D. Ind. 2016); Pardo v. Allied Interstate, 2015 U.S. Dist. LEXIS 125526 at [*7]-[*9](S.D. Ind. 2015); Deschaine v. National Enterprise Systems, 2013 U.S. Dist. LEXIS 31349 at [*3](N.D. Ill. Mar. 7, 2013); Walls v. United Collection Bureau, 2012 U.S. Dist. LEXIS 68079 at [*4]-[*6](N.D. Ill. 2012); and Braatz v.

Leading Edge Recovery Solutions, 2011 U.S. Dist. LEXIS 123118 at [*3]-[*4](N.D. Ill. 2011).

21. Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

22. Plaintiffs, George Miller and Patricia Hull, n/k/a Miller, bring this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a defaulted consumer debt allegedly owed for a Springleaf account, via the same form collection letters (Group Exhibit C), that Defendants sent to Plaintiffs, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

23. Defendants regularly engage in debt collection, using the same form collection letters they sent the Millers, in their attempts to collect defaulted consumer debts from other consumers.

24. The Class consists of more than 35 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same form collection letters they sent the Millers.

25. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for

the fair and efficient adjudication of this controversy.

26. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole, such that declaratory relief is warranted.

27. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiffs have retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiffs, George Miller and Patricia Hull, n/k/a Miller, individually and on behalf of all others similarly situated, pray that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiffs as Class Representatives of the Class, and their attorneys as Class Counsel;

3. Find that Defendants' form collection letters violate the FDCPA;

4. Enter judgment in favor of Plaintiffs and the Class, and against

Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    5.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, George Miller and Patricia Hull, n/k/a Miller, individually and on behalf of all others similarly situated, demand trial by jury.

                                                George Miller and Patricia Hull, n/k/a Miller, individually and on behalf of all others similarly situated,

                                                By: /s/ David J. Philipps
                                                One of Plaintiffs' Attorneys

Dated: April 3, 2019

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
Sawin, Shea, Steinkamp, LLC
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 255-2600
(317) 255-2905 (FAX)
john@sawinlaw.com